UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

YAHER ISRAEL BABAYOF, a/k/a
YAIR ISRAEL BABAYOFF,

                Plaintiff,

-against-

STATE OF NEW YORK; CITY OF NEW
YORK; NEW YORK CITY POLICE
DEPARTMENT,
                Defendants.
------------------------------------------------------------X

**MEMORANDUM
AND ORDER**
12 CV 6073 (WFK)(RLM)

KUNTZ, II, United States District Judge:

On December 7, 2012, plaintiff filed this *pro se* action alleging false arrest and malicious prosecution. Plaintiff's complaint did not have an original signature as is required by Fed. R. Civ. P. 11. By letter filed December 11, 2012, plaintiff was provided with a copy of his complaint and instructed that in order to proceed, he must return the complaint with an original signature wherever an "X" appeared within 14 days from the date of the letter. On December 20, 2012, plaintiff submitted a signed copy of the complaint. By Order dated January 9, 2013, the Court dismissed the action without prejudice based on the mistaken belief that no signed complaint had been received.[1] The January 9, 2013 Order is hereby VACATED and the action reinstated to the Court's docket. Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915, the claims against defendants are dismissed, and plaintiff is afforded thirty days to file an amended complaint as set forth below.

**I. Background**

Plaintiff alleges false arrest and malicious prosecution in Queens County, New York. His

---

[1] The signed complaint, dated December 18, 2012, was entered with the filing date of the original unsigned complaint, December 7, 2012. The Clerk of Court is respectfully requested to correct the docket sheet to reflect that the filing of the *unsigned* complaint was on December 7, 2012 and the filing of the *signed* complaint was on December 18, 2012.

statement of facts, states, in its entirety:

> Plaintiff in 2007 was arrested on the basis of a possible theft of gover[n]ment funds and perjury from Section 8 Housing from the State and City of New York which commenced the actions[.] That case was dismissed[.] Plaintiff was arrested and wrongfully prosecuted by the defendants on March 2010, June 2011 and February 2012 and all the ca[s]es were dismissed[.] The actions were done by the defendant.

Complaint at ¶ III (A). Plaintiff seeks damages. *Id.* At ¶V.

## II. Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 55 U.S. 662, 678 (2009).

## III. Discussion

Since plaintiff invokes the Court's federal question jurisdiction and alleges the violation of his "civil right under malicious prosecution and, wrongful arrest," *Id.* at ¶ II, the Court construes the complaint as brought pursuant to 42 U.S.C. § 1983. In order to maintain a claim under 42 U.S.C. §1983, plaintiff must allege that (1) "the conduct complained of must have been committed by a person acting under color of state law," and (2) "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States. *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma v. Turtle*, 471 U.S. 808, 816 (1985)). The complaint, as currently stated, fails as to the defendants named.

2

### 1. City of New York

In order to sustain a claim for relief under 42 U.S.C. § 1983 against a municipal defendant such as the City of New York, a plaintiff must show the existence of an officially adopted policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. *Bd. of County Comm'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 403, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997) (citing *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). Even when liberally construed, the present complaint cannot reasonably be interpreted as alleging facts sufficient to demonstrate that plaintiff suffered any damages as a result of any policy or custom of the City of New York. Thus, the complaint against the City of New York is dismissed for failure to state a claim on which relief may be granted. 28 U.S. C. § 1915(e)(2)(B)(ii).

### 2. New York City Police Department

Plaintiff also names the New York City Police Department (NYPD) as a defendant to this action. The NYPD is a non-suable agency of the City. *Jenkins v. City of New York*, No. 06CV0182, 2007 WL 415171, at *11 n. 19 (2d Cir. Feb. 6, 2007) (citing *Wray v. City of New York*, 340 F. Supp. 2d 291, 3030 (E.D.N.Y. 2004) (quoting N.Y.C. Charter § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except were otherwise provided by law.")); *Araujo v. City of New York*, No. 08 CV 3715, 2010 WL 1049583, at *8 (E.D.N.Y. Mar. 19, 2010). Therefore, the complaint against the NYPD is dismissed for failure to state a claim upon which relief can be granted. 28 U.S. C. § 1915(e)(2)(B)(ii).

### 3. State of New York

Lastly, plaintiff sues the State of New York for damages. Absent a state's consent to suit or an express statutory waiver, the Eleventh Amendment bars federal court claims against states. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). "Sovereign immunity does not merely

3

constitute a defense to monetary liability or even to all types of liability. Rather, it provides an immunity from suit." *FMC v. S.C. State Ports Auth.*, 535 U.S. 743, 766 (2002). Plaintiff has asserted no claims under which it could be found that the State has waived sovereign immunity. Accordingly, plaintiff's claims are foreclosed by absolute immunity and are dismissed. *See Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'") (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)); 28 U.S.C. § 1915(e)(2)(B)(iii).

## IV. Leave to Amend

Despite the fact that the complaint has been dismissed against each of the defendants plaintiff has named, in light of plaintiff's *pro se* status, *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000), plaintiff is afforded thirty days to amend his complaint in order to set forth a claim against proper defendant(s) under section 1983. *See* Fed R. Civ. P. 15(a); *see e.g., Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) ("Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the [pro se] complaint gives any indication that a valid claim might be stated.") (quoting *Gomez*, 171 F.3d at 795). If plaintiff cannot identify a defendant by name, he should identify each individual as "Police Officer John or Jane Doe #1" *et cetera* and provide a physical description and any other identifying information such as the precinct or facility with which she or he works. Plaintiff must also comply with Fed. R. Civ. P. 8. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *Ashcroft v. Iqbal*, 55 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Plaintiff must provide facts sufficient to allow each defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Twombly v. Bell*, 425 F.3d 99, 106 (2d Cir. 2005) (defining "fair notice" as " 'that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial.' ")

(quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)); *Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991). If available, plaintiff may include copies of any relevant documents to support his claims.

Plaintiff is afforded thirty days to file an amended complaint in which he complies with Fed. R. Civ. P. 8. *See Ashcroft v. Iqbal*, 55 U.S. at 678 (a claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged."). Plaintiff must connect the facts to the defendants so that the defendants will have notice of the claim against them as required by Fed. R. Civ. P. 8. If plaintiff fails to amend the complaint, the action will be dismissed without prejudice and judgment will enter.

## Conclusion

Accordingly, the Court's January 9, 2013 Order dismissing the action without prejudice is VACATED and the Clerk of Court is respectfully requested to restore this action to the Court's docket. The complaint against the City of New York, the New York City Police Department and the State of New York is dismissed.

Plaintiff shall have thirty (30) days to file an amended complaint setting forth his claims against each defendant named in the amended complaint. Should plaintiff decide to file an amended complaint, it must be submitted within thirty days of this Order, be captioned "Amended Complaint," and bear the same docket number as this Order. Plaintiff is advised that the amended complaint will completely replace the original complaint. All further proceedings will be stayed for thirty days or until plaintiff has complied with this Order. If plaintiff fails to comply with this Order within the time allowed, the complaint shall be dismissed and judgment shall enter. If submitted, the amended complaint will be reviewed for compliance with this Order and for sufficiency under 28 U.S.C. § 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

    SO ORDERED.

                                            William F. Kuntz, II
                                            United States District Judge

Dated: January 16, 2013
       Brooklyn, New York