UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

YAHER ISRAEL BABAYOF, a/k/a
YAIR ISRAEL BABAYOFF,

                Plaintiff,                       **MEMORANDUM
                                                                            AND ORDER**
-against-                                                         12 CV 6073 (WFK)(RLM)

CITY OF NEW YORK; P.O. JANE DOE
and JOHN DOE 1-10,

                Defendants.
----------------------------------------------------------X
William F. Kuntz, II, United States District Judge:

        On December 7, 2012, plaintiff filed this *pro se* action alleging false arrest and malicious prosecution. By Order dated January 16, 2013, the Court granted plaintiff's request to proceed in forma pauperis, but dismissed the complaint against each of the three defendants named therein, the City of New York, the State of New York, and the New York City Police Department, for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). However, in an abundance of caution, the Court afforded plaintiff thirty days to submit an amended complaint against proper defendants to a 42 U.S.C. § 1983 action. (DE # 6) On February 15, 2013, plaintiff submitted an amended complaint naming the City of New York and eleven "Doe" defendants, but did not adequate identify the Doe defendants or give them notice of plaintiff's claims against them. Plaintiff is afforded thirty days to file a Second Amended Complaint as set forth below.

**Background**

        As the Court stated in its previous order in which plaintiff was afforded his first opportunity to amend his complaint to set forth a claim against proper defendant(s) under section 1983:

> If plaintiff cannot identify a defendant by name, he should identify each individual as "Police Officer John or Jane Doe #1" *et cetera* and provide a physical description and any other identifying information such as the precinct or facility with

which she or he works. Plaintiff must also comply with Fed. R. Civ. P. 8. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *Ashcroft v. Iqbal*, 55 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Plaintiff must provide facts sufficient to allow each defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Twombly v. Bell*, 425 F.3d 99, 106 (2d Cir. 2005) (defining "fair notice" as " 'that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial.' ") (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)); *Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991). If available, plaintiff may include copies of any relevant documents to support his claims.

Plaintiff is afforded thirty days to file an amended complaint in which he complies with Fed. R. Civ. P. 8. *See Ashcroft v. Iqbal*, 55 U.S. at 678 (a claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged."). Plaintiff must connect the facts to the defendants so that the defendants will have notice of the claim against them as required by Fed. R. Civ. P. 8.

## Discussion

In his amended complaint, plaintiff names in the caption of his complaint: The City of New York, police officer "Jane Doe" and "John Doe 1-10." In the factual allegations section of his amended complaint, ¶ 9-26, plaintiff alleges that he was falsely arrested numerous times. Regarding two arrests, he has alleged enough facts to allow service upon the defendants and to comply with Rule 8. One claim, the one regarding the January 3, 2012 arrest for breaking a window, is dismissed without prejudice on abstention grounds, and the remaining false arrest claims require more information from plaintiff in order to proceed.

### A. City of New York

The Court dismissed the City of New York in its January 16, 2013 Order for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *Bd. of County Comm'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 403, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997) (citing

*Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). Nothing in plaintiff's amended complaint alters the conclusion stated therein. The amended complaint is dismissed as to the City of New York. 28 U.S.C. § 1915(e)(2)(B)(ii).

**B. Individual Defendants**

Construing the amended complaint liberally, as the Court must, and undertaking the task of trying to extract from the amended complaint a list of defendants that could be served (although such an exercise is beyond the Court's obligation), the Court organizes plaintiff's claims for false arrest and malicious prosecution and identifies the missing information required to comply with Rule 8 and to allow service.

**1. Arrests in 2006 and 2007**

The amended complaint alleges more than one arrest related to a particular tenant, Nellie Gadson, at the rental property which plaintiff co-owned at 609 Sutter Avenue ("the property") in Brooklyn, New York. He states that police officers Munoz and Capputo arrested him at the property on May 29, 2006 based on the tenant's complaint. He alleges that it was the tenant, not he, who was breaking the law. He alleges that the tenant was engaged in defrauding the New York City Housing Authority for Section 8 funds. He does not state at what precinct Munoz and Capputo work or provide an address for them or any other identifying information. Nor does he state if he was prosecuted or the result of the prosecution. (Amended Complaint at ¶ 12).

Plaintiff refers to another arrest resulting from a complaint from Gadson and states that the resulting charges were dismissed. *Id.* at ¶ 12.[1] He provides no identifying information from which a defendant could be served or informed of the claim against her or him.

A third arrest occurred on February 20, 2007 based on a complaint from Gadson. *Id.* at 13. Plaintiff does not state who arrested him or where. Nor does he state if he was prosecuted or the

---

[1] There are two ¶ 12's in the amended complaint. This is the second of the two.

3

result of the prosecution. Plaintiff states that there was "a dismissal of charges in December 9, 2009" but does not state to which charge this was related.

Plaintiff alleges that on November 15, 2007 at about 8:30 p.m. he was involved in an altercation with "a creditor's business partner David Zerbib." *Id.* at ¶ 18. Plaintiff states that he ran "to the police station" and was arrested. The case was dismissed in April 2008. *Id.* at ¶ 19. Plaintiff does not provide any further information such as to which police station he went or what officers were involved.

It appears that all of these claims are barred by the statute of limitations since the arrests which he contests occurred in 2006 and 2007 and he filed this action in 2012, well beyond the thee year statute of limitations applicable to 42 U.S.C. § 1983 actions. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Owens v. Okure*, 488 U.S. 235, 251 (1989) (statute of limitations on § 1983 claim to which New York law applies is three years). However, "[u]nder the doctrine of equitable tolling, a court may, under compelling circumstances, make narrow exceptions to the statute of limitations in order 'to prevent inequity.' " *In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003). Typically, the statute of limitations is equitably tolled when a defendant fraudulently conceals from a plaintiff the fact that the plaintiff has a cause of action, or when the plaintiff is induced by the defendant to forego a lawsuit until the statute of limitations has expired. See Pearl v. City of Long Beach, 296 F.3d 76, 82-83 (2d Cir.2002) (discussing the New York state courts' application of equitable estoppel and the federal courts' use of equitable tolling and equitable estoppel). Plaintiff alleged no basis for equitable tolling; these claims appear to be time-barred. Accordingly, plaintiff is directed to show cause within thirty days of the date of this Order why this action should not be dismissed as time-barred. *Abbas v. Dixon*, 480 F.3d 636, 641-42 (2d Cir. 2007) (Generally, a court should not dismiss claims *sua sponte* unless a plaintiff had notice and an opportunity to present arguments against dismissal)

### 3. March 4. 2010 Arrest

Plaintiff alleges that "[o]n March 4th 2010 on or about 10:30 a.m. at the location of 144-133

Melbourne Avenue, I was arrested by Detective John Doe [#1][2] for false claims that plaintiff attacked his father and destroyed property" and that the charges were dismissed in June 2010. *Id.* at ¶ 21. Plaintiff does not identify the Precinct but the City of New York could likely identify Detective John Doe #1 based on the information plaintiff has provided.

### 4. October 4, 2010

Plaintiff was arrested on October 10, 2010 on or about 9:30 a.m. at 144-33 Melbourne Avenue, Flushing, New York by Officer John Doe [#2] for violating an order of protection that had been obtained by his sister. *Id.* at ¶ 22. He was detained for twelve hours; the case was dismissed in April 2011. *Id.* Plaintiff does not identify the precinct involved, but the City of New York could likely identify Officer John Doe #2 based on the information plaintiff has provided.

### 5. January 3, 2012

Plaintiff was arrested on January 3, 2012 on or about 11:30 a.m. at "144-23 72nd Avenue" for breaking the window of a creditor. Plaintiff does not state where in the City of New York this address is located or the precinct involved. He states that the case is still pending. Since the criminal case is still pending, the Court must abstain from hearing this claim. *Younger v. Harris*, 401 U.S. 37 (1971); *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002). In *Younger*, the Supreme Court held that federal courts must abstain from enjoining ongoing state court criminal proceedings absent specific, narrowly defined circumstances. *Younger*, 401 U.S. at 56 Thus, the claim regarding plaintiff's January 3, 2012 arrest is dismissed without prejudice.

Plaintiff alleges that when he was arrested on January 3, 2012, he was also charged on an "open complaint submitted by Detective John Doe [#3] for violating an order of protection." *Id.* at ¶ 24. He states that the charges were dismissed. *Id.* at ¶ 26. He does not provide any further information.

---

[2]The Court has assigned numbers to the Doe defendants named by plaintiff in the text of the complaint.

### 6. February 2012

He alleges that he was arrested by the 107th precinct for violating an order of protection from his sister and injuring her in February 2012 on or around 7:00 p.m. at 6909 138th Street, Flushing, New York. He states that the charges were dismissed. *Id.* at ¶ 26. He does not provide the date of the arrest or any further information to identify the defendant(s).

### C. Leave to Amend

The Court only has enough information to serve or ask the City of New York to identify two or three of the arresting officers in plaintiff's eight arrests. Plaintiff must provide more information to the Court in order for the remaining claims to proceed. Accordingly, plaintiff is afforded thirty (30) days to file a Second Amended Complaint.

### Conclusion

Plaintiff's claims regarding arrests made in 2006 and 2007 are time-barred, unless plaintiff can provide a basis for equitable tolling and identify the defendants involved within thirty (30) days of this Order. Plaintiff's claim regarding his January 3, 2012 arrest for breaking a window is dismissed without prejudice.

Plaintiff shall have thirty (30) days to file a second amended complaint setting forth his claims against each defendant named in the second amended complaint. For each remaining arrest, plaintiff must proved the date, time and location of the arrest, the name of the police officers involved, if known, and the name of the precinct, if known. Should plaintiff decide to file a second amended complaint, it must be submitted within thirty days of this Order, be captioned "Second Amended Complaint," and bear the same docket number as this Order. Plaintiff is advised that the second amended complaint will completely replace the original complaint and the amended complaint. All further proceedings will be stayed for thirty days or until plaintiff has complied with this Order. If plaintiff fails to comply with this Order within the time allowed, the action shall be dismissed and judgment shall enter. If submitted, the second amended complaint will be reviewed

for compliance with this Order and for sufficiency under 28 U.S.C. § 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/WFK

William F. Kuntz, II
United States District Judge

Dated: February 28, 2013
Brooklyn, New York