UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ORIGINAL

-----------------------------------------------------------X

YAHER ISRAEL BABAYOF  A/K/A
YAIR ISRAEL BABAYOFF

**AMENDED
COMPLAINT**

Plaintiff,

Index No. 12 CV 6073 (WFK)(RLM)

-against-

THE CITY OF NEW YORK
P.O "JANE DOE" AND
"JOHN DOE" 1-10

1 through 10 inclusive
The names of the last defendants
being fictitious,the true names
of the defendants  being unknown
to the plaintiff(s)

Defendant (s)

-----------------------------------------------------------X

Plaintiff, YAHER ISRAEL BABAYOF complaining of the defendants, The City of New York ,

(Police Officers and Detectives "John" and Jane Doe), collectively referred to as the defendants,

upon information and belief alleges the follows:

## NATURE OF THIS ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color

   statue , ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and

   immunities secured to the plaintiff by the Fourth, Eight and Fourteenth Amendments of the

   Constitution of the United States, and by Title 42 U.S.C 1983 [and 1985] and arising under the

   law and statues of the State of New York

2. This is an Action to further see compensation for the serious and permanent personal injuries sustained by the plaintiff as a result of negligence of the defendants, perpetrated while said defendant  while said
defendant police officers were in process of illegally and unlawfully arresting plaintiff and prosecuting  plaintiff which lead to dismissal of alleged charges

## JURISDICTION

3. The jurisdiction of this court is invoked under 28 U.S.C 1343 (3) this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statue, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourth, Eight and Fourteenth Amendment to the Constitution of the Unite States.

4. All causes of action not relying exclusively on the aforementioned federal causes of action as a bases of this Court's Jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C 1367 to hear state law causes of action. The events, parties transaction, and injuries that form the basis of the plaintiff's claims under applicable State and City Laws.

5. As the Deprivation of rights complained of herein occurred within the eastern District of New York venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## PARTIES

6. Plaintiff YAHER ISRAEL BABAYOFF resides in New York and is a resident of the State of New York

7.  Defendants Police Officers are, and at all times relevant to this action were, officers of the City of New York Police Department and acting under color of state law. Said officers are being sued in both their individual and official capacities.

8.  The Defendant, City of New York is a municipality in the State of New York and employs the Defendants Police Officers.

### FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9.  From the period of March 2nd 2005 until March 2007 Plaintiff was a part owner of premises of 609 Sutter Avenue Brooklyn NY. 11207-4109 in the County of Kings in the confines of the 75th precinct, and was duly authorized to operate and control the premises with ongoing day to day operations including but not limited to collecting rents

10. At the above said premises there was a Tenant by the name of Nellie Gadson of which resided in Apartment 3R and which the rent was being paid every month through public assistance and New York City Housing Authority (NYCHA) Section 8 Program.

11. Plaintiff filed numerous complaints with the NYPD on alleged actions that she committed against the plaintiff's property to which the NYPD refused to press charges on

12. Instead on or about May 29 2006 while Tenant authorized plaintiff to repair door in writing and insisted that her  repairman commence the repairs the Tenant called the police and Police Officer Munoz and Capputo of the 75th Prescient responded to  the scene and arrested plaintiff on the grounds of trying to illegally evict the Tenant .

12. Tenant again filed another police complaint in the 75th Prescient  to which plaintiff was ultimately arrested for a claim that plaintiff violated  a limited order of protection while the plaintiff was not in the same floor to which the tenant resided in which ultimately resulted in a dismissal due to no signature of  the supporting deposition from the complaining witness

13. On or About February 20 2007 plaintiff received a phone call from a detective Quinoneiz from the 75th

precinct  with a complaint from the same Tenant  stating that the plaintiff fraudulently obtained section 8

funds from NYCHA.,   Because repairs were not made to her apartment and stole funds from NYCHA

Plaintiff was arrested and held in Central Booking Cell for 20 Hours

14.  Months leading after the arrest plaintiff sued NYCHA in small claims court to which the court did not

even hold subject matter jurisdiction on such claim and NYCHA  settled with plaintiff in full on all the

outstanding arrears including the month in question

15.  In 2008  head council for NYCHA wrote a unsolicited letter to the plaintiff stating that there was no

wrong doing on plaintiff's part and further stating that the alleged damages were caused by deliberate

misuse of tenant  which would not cause an interruption of rent subsidy

16.  Having this information the City of New York still perused with a case stating in signed affidavits that that

the plaintiff stole money from the city which ultimately lead to a dismissal of charges in December 9 2009

In the matter of the case with regards to with NYCHA case

17.  During All times of his Detention plaintiff was deprived of Kosher Food and not allowed to conduct

prayer services

18.  In November 15th 2007  at or around  8:30PM  I was approached by a creditor's business partner David

Zerbib who attacked plaintiff and his mother and induced me to pay a debt that was to be owed plaintiff

ran to the 107th Precinct  and instead of pressing charges against him the police refused to arrest him and

arrested me on the grounds that the plaintiff had a concealed knife even though the police did not find any

in my vehicle or  in my possession when I submitted my self to a search I was refused medical attention

and the officers sustained the positions that I had no injuries

19.  the case was dismissed in April of 2008,

20.  It was only about a couple a month ago that I was approached by a person in the community  which stated

to me that the complaining witness David Zerbib told him that he had to make a false complaint to the

police in order to induce plaintiff to repay his alleged debt to his business partner

21. On March 4th 2010 on or about 10:30 am at the location of 144-33 Melbourne Avenue I was arrested by

    detective John Doe 107th Preceint for false claims that plaintiff attacked his father and destroyed property

    there was claim to support such accusation which ultimately lead to a dismissal of charges in June of 2010

22- On October 10th 2010 on or about 9:30am at 144-33 Melbourne Avenue Flushing NY

Plaintiff was arrested by Police Officer John Doe on accusations that plaintiff hit her sister

and cause her physical harm and violated an order of protection to which I was never served

of I was held in detention and caused harm for 12 hrs which that case was dismissed in April

of 2011.

23- On January 3rd 2012 at or around 11:30am plaintiff was wrongfully arrested at 144-23

72nd avenue for an alleged incident that plaintiff broke a window of a creditor who came to

that location specifically to post sign against plaintiff and his family to induce a repayment of

debt despite orders that were entered in the bankruptcy court that creditor Solomon Fachlaev

will not take such actions Plaintiff was arrested by officers of the 107th Preceint and case is still

pending on that charge plaintiff sustained physical injuries from Solomon Fachlaev who was

never charged and prosecuted as a cross defendant due to the fact that the city of New York

claimed that plaintiff was arrested in the past although never convicted (Thank G-d) and

cannot get along with your own family.

24. at the same time they arrested me again on an open complaint submitted by Detective

John Doe that I Violated an Order of Protection

25. In February 20th 2012 at or around 7:00 pm 6909 138th street Flushing NY. I was

arrested by PO Jane Doe again an alledging for violating an order of protection from

plaintiff's sister and alleged physical injuries the 107th precinct did not have any pictures

from plaintiff' sister showing any injuries.

26. Both arrests that were mentioned in 24 and 26 were dismissed

27. Prior to the Dismissals of all cases plaintiff was told by the police and ad by ADA's that

if I would pursue a civil litigation on any it will prevent a favorable outcome to the plaintiff

which will result in a non-criminal it was only until July of 2012 when I met a City Corporate

council by the name of Ms. Savino to whom her father Aldo Savino Introduced me to at 32-

26 Steinway Street in Astoria NY. And I explained to her my circumstances and series of

arrests and she told me that as far Malicious Prosecution I have 3 years from the date of

Entry to sue in Federal court as for the false arrest after I explained to her that I was told by

city that I cannot sue Ms. Savino Stated that I could bring that in the suit as well.

As Far for the current arrest in January of 2012 that was made in and the case being pending

in State court Plaintiff understands that the Federal court must abstain, the question that the

plaintiff brings to the court if applicable is that there was no special circumstances to dismiss

the cross complaining witness arrest only but that the prosecution is using" Selective

Prosecution" and using my prior arrest record an not convictions as credibility when the cross

complaining witness inflicted bodily injuries to the plaintiff and the current complaint against

me only indicates alleged property damage, it was made clear in prior complaints to the

defendant that Solomon Fachlaev made harassing  threats towards plaintiff  from the period

of 2006-2007  which were recorded and heard by the police precinct and all complaints were

closed, Finally came to a synagogue that he not a member of only to post signs against my

family on a discharged debt,

28. At no time did plaintiff commit any offense aim. "against the laws of New York City and or
State for which an arrest may be lawfully made. 1.

29. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to
suffer injuries, including but not limited to emotional distress, nightmares, panic attacks,
mental anguish and unwarranted severe anger bouts some or all of which may be

permanent. Plaintiff has sought treatment for these injuries.

30. The unlawful arrest of plaintiff, plaintiffs wrongful imprisonment because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

31. As a direct and proximate result of defendants actions, plaintiff suffered and continues to suffer, mental anguish, repetitive injury, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent

32. As a direct and proximate result of his unlawful !detention, assault, confinement, Plaintiff has lived in terror of their attack, and continues to suffer from nightmares, are fearful of going outside and when he sees the police, and suffer various emotional attacks, in addition, and have been unable to function normally which has caused a severe strain and breakdown in her personal relationships, in and Outside of her home.

33. As a direct and proximate result of defendant's actions, plaintiff was arrested, detained without just or probable cause.

34. As a direct and proximate result of defendants' !actions, plaintiff was deprived of rights, privileges and immunities under the Fourth, fifth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New

35. Defendant City of New York, as a matter of 'policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police oofficers i ncluding defendants in this case, to engage in unlawful conduct.

36. Defendant City of New York, as a matter of Policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the

constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

37.      The actions of defendants, acting under color of State law, deprived plaintiff of her rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

38. By these actions, defendants have deprived plaintiff of rights secured by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

39. This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

### AS A FIRST CAUSE OFACTION:
#### 42 U.S.C Section 1983-against all Defendants.

40. Plaintiff hereby restates all paragraphs above of this complaint, as though fully set forth below

41. By detaining and imprisoning plaintiff, without justification, probable cause or reasonable suspicion, using excessive force, and assaulting her, the Officers, Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

42. In addition, the Defendants conspired among'. themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth,

Eighth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

43. The Defendant acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

44. As a direct and proximate cause of the acts Of the defendants, plaintiff -suffered the following injuries and damages:

    A.  An arrest not based upon probable cause;

    B.  Unwarranted and malicious criminal prosecution;

    C.  Deprivation of liberty without due process of law;

    D.  Excessive force imposed upon him;:

    E.  Summary punishment imposed upon him; and

    F.  Denied equal protection under the law

45. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

## AS A SECOND CAUSE OF ACTION:
### New York State Constitution, Art. 1 Section 12 against all Defendants

46. Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below.

47. By detaining and imprisoning plaintiff without !probable cause or reasonable

suspicion, using excessive force, and assaulting them, the Defendant Officer deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article 1, Section 12 of the New York Constitution.

48. In addition, the Defendant Officers conspired among themselves to deprive plaintiff of her constitutional rights secured by Article 1, Section 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

49. The Defendants Officers acted under pretense and color of state law and in their individual and official capacities and within the ;scope of their respective employment as NYPD **Officers.** Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of her constitutional rights secured by Article 1, Section 12 of the New York Constitution.

50. Defendants, their officers, attorneys, agents, servants and employees were responsible for Plaintiff's deprivation of his state constitutional rights. Defendants, as employer, are, is responsible for their wrongdoing under the doctrine of respondent superior.

51. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before alleged.


## AS A THIRD CAUSE OF ACTION:
**Assault and Battery—all Defendants**

52. Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below.

53. In physically assaulting, handcuffing, threatening, intimidating plaintiff, the Defendants Officers, acting in their capacities as NYPD officers, and within the scope of their employment, each committed a willful, unlawful, unwarranted, and intentional assault and battery upon plaintiff.

54. As a direct and proximate result of the misconduct and abuse of authority detained above, Plaintiff sustained the damages hereinbefore stated.

## AS A FOURTH CAUSE OF ACTION:
### False Arrest and False Imprisonment—all Defendants

55. Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below

56. The Defendants wrongfully and illegally detained, and imprisoned the Plaintiff.

57. The wrongful arrest and imprisonment of the Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without: probable cause or reasonable suspicion.

58. At all relevant times, the Defendants acted forcibly in apprehending, detailing, and imprisoning the Plaintiff.

59. During this period, the Plaintiff was unlawfully and wrongfully assaulted, harassed, detained, and threatened.

60. Throughout this period, the Plaintiff was unlawfully, wrongfully, and unjustifiably detained, deprived of their liberty, and imprisoned.

61. All of the foregoing occurred without any fault or provocation on the part of the Plaintiff.

62. Defendants, their officers, agents, servants, and employees were responsible for plaintiff's detention and imprisonment during: this period of time. Defendants, as employer, are responsible for their wrongdoing under the doctrine of respondent superior.

63. The Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful,

unreasonable, unconscionable, and flagrant disregard of the Plaintiff's rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward Plaintiff

64. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

AS FOR A FIFTH CAUSE OF ACTION:
**Intentional Infliction of Emotional Distress-all Defendants**

65. The Plaintiff hereby restates all paragraphs of this complaint, *as* though fully set forth below.

66. The Defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

67. Plaintiff's emotional distress has damaged his personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious detention and imprisonment by the Defendants Officers.

68.    Defendants, their officers, agents servants, and employees were responsible for the intentional infliction of emotional distress suffered by the Plaintiff at the hands of the Defendants' employees. Defendants, as employers, are responsible for their wrongdoing under the doctrine of respondent superior.

As a direct and proximate result of the misconduct and abuse of authority detailed above plaintiff sustained the damages herein-before stated

69. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

**AS A SIXTH CAUSE OF ACTION:**
**Negligent and  Retention of Employment Seirvices-against all Defendants.**

70. Plaintiff hereby restates all paragraphs of this Complaint, as though fully set forth below.

71. Upon information and belief, defendants, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

72.    Upon information and belief, defendants owed a duty of care to plaintiff because under the same or similar circumstances a reasonable; prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from this conduct.

73. Upon information and belief, defendants know or should have known through the exercise of reasonable diligence that their employees were not prudent.

74. Upon information and belief, defendants' negligence in hiring and retaining the employees Defendants proximately caused Plaintiff's injuries.

75. Upon information and belief, because of the defendant's negligent hiring and retention of the aforementioned Defendants, Plaintiff incurred significant and lasting injuries.

### AS A SEVENTH CAUSE OF ACTION:
#### Negligence against all Defendants

76. Plaintiff repeats and realleges all paragraphs as if each paragraph is repeated verbatim

77. As a direct and proximate result of the negligent acts of all the defendants, City of New York as set forth herein, plaintiffs suffered physical injury, conscious pain and suffering, medical expenses, lost wages, and severe mental anguish.

78. That by reason of the said negligence, plaintiff suffered and still suffers bodily injuries, informed and verily believes that they will continue to suffer for a long time to come and herein became sick, sore, lame and disabled and have remained sick, sore, lame and disabled since the aforesaid incident; has suffered great pain, agony and mental anguish and is that said injuries are permanent; has suffered economic loss inasmuch as she was forced to, and are still forced to expend sums of money on medical treatment; that she was deprived of her pursuits and interests and verily believes that in the future she will continue to be deprived of such pursuits; and that said injuries are permanent.

79. This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

WHEREFORE, plaintiff respectfully requests judgment against the

Defendants as follows:

1.    On the First Cause of Action against all the !defendants, compensatory and punitive damages in an amount to be determined at trial,: and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

2.    On the Second Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Officers Defendants in an amount to be determined at trial.;

3.    On the Third Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

4.    On the Fourth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in On the Fifth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial

5.    On the Fifth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

6.    On the Sixth Cause of Action, against all defendants, compensatory damages in an mount to be determined at trial; and

7.    On the Seventh Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

8.    Such other and further relief *as* this Court may deem necessary in the interest

of justice.

Dated: March 29th 2013

       Flushing, New York

                                   Respectfully Submitted

                                   Yaher Israel Babayof
                                   69-09 138th Street Apt# 3D
                                   Flusing NY. 11367-1653
                                   Cell 917-577-4623