UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

YAHER ISRAEL BABAYOF, a/k/a
YAIR ISRAEL BABAYOFF,

        Plaintiff,

-against-

CITY OF NEW YORK; P.O. JANE DOE
and JOHN DOE 1-10,

        Defendants.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
12-CV-6073 (WFK) (RLM)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On March 29, 2013, plaintiff submitted a Second Amended Complaint. For the reasons set forth below, plaintiff's claims concerning his 2006 and 2007 arrests are dismissed as time-barred. Plaintiff's remaining claims, that is, those claims not dismissed by the Court in this and previous orders, may proceed. The Clerk of Court shall send a copy of this order and the second amended complaint to the New York City Law Department and a copy of this Order to plaintiff. No summonses shall issue at this time.

**I. Procedural History**

On December 7, 2012, plaintiff filed this *pro se* action alleging false arrest and malicious prosecution. By Order dated January 16, 2013, the Court granted plaintiff's request to proceed *in forma pauperis*, but dismissed the complaint against each of the three defendants named therein, the City of New York, the State of New York, and the New York City Police Department, for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). However, in an abundance of caution, the Court afforded plaintiff thirty (30) days to submit an amended complaint against proper defendants to a 42 U.S.C. § 1983 action. On February 15, 2013, plaintiff submitted an amended complaint naming the City of New York and eleven "Doe" defendants, but did not adequately identify the Doe defendants or give them notice of plaintiff's claims against them. By Order dated February 28, 2013, the Court construed the amended complaint liberally, and in an effort to extract from the amended complaint a list of defendants

1

that could be served, the Court organized plaintiff's claims for false arrest and malicious prosecution by arrest date and identified the missing information required to comply with Rule 8 and to allow service of process. In addition, plaintiff was afforded thirty (30) days to show cause why his claims regarding his 2006 and 2007 arrests should not be dismissed as time-barred and to file a second amended complaint setting forth his claims against each defendant named in the second amended complaint. Specifically, for each remaining arrest, plaintiff was directed to provide the date, time and location of the arrest, the name of the police officers involved, if known, and the name of the precinct, if known. On March 29, 2013, plaintiff submitted a second amended complaint.

## II. Discussion

### A. Claims Regarding Arrests in 2006 and 2007 Are Dismissed

Plaintiff's submission, dated March 29, 2013, does not address the issue of timeliness of the complaint regarding the 2006 and 2007 arrests. The Court finds that the claims regarding these arrests are barred by the statute of limitations. The predicate arrests supposedly occurred in 2006 and 2007, but plaintiff filed this action in 2012, well beyond the three-year statute of limitations applicable to 42 U.S.C. § 1983 actions, and plaintiff has alleged no basis for equitable tolling. *See Abbas v. Dixon*, 480 F.3d 636, 641–42 (2d Cir. 2007).

### B. Identifying Doe Defendants in Remaining Claims

What remains are plaintiff's federal and state law claims arising from four arrests:

**1. March 4, 2010:** Plaintiff alleges that "[o]n March 4th 2010 on or about 10:30 a.m. at the location of 144-33 Melbourne Avenue, [he] was arrested by Detective John Doe [#1] 107th Precinct for false claims that plaintiff attacked his father and destroyed property" and that the charges were dismissed in June 2010. Second Am. Compl. at ¶ 21).

**2. October 10, 2010:** Plaintiff was arrested on October 10, 2010 on or about 9:30 a.m. at 144-33 Melbourne Avenue[,] Flushing, New York by Officer John Doe [#2] for violating an order of protection that had been obtained by his sister. *Id.* at ¶ 22. He was detained for twelve hours; the case was dismissed in April 2011. *Id.* Plaintiff does not identify the precinct involved.

**3. January 3, 2012:** Plaintiff was arrested on January 3, 2012 at or around 11:30 a.m. at 144-23 72nd Avenue by "officers of the 107th Precinct" for allegedly breaking a window and for violating an order of protection. *Id.* at ¶ 23–24.

**4. February 20, 2012:** Plaintiff alleges that he was arrested on "February 20th 2012 at or around 7:00 p.m. [at] 6909 138th Street[,] Flushing, New York" by Officer Jane Doe [#1] of the 107th Precinct. *Id.* at ¶ 25. Plaintiff states that the charges were dismissed. *Id.* at ¶ 26.

Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) *(per curiam)*, the Court directs Corporation Counsel to ascertain the full name(s) and service address(es) of the officer(s), who were involved in the four arrests outlined above. Corporation Counsel is not required to defend or indemnify these individuals at this juncture. This order merely provides a means by which plaintiff may name and properly serve the defendants as instructed by the Second Circuit in *Valentin*.

Corporation Counsel is hereby ordered to produce the information specified above regarding the identities and service addresses of the arresting officers within thirty (30) days of this Order. Once this information is provided, plaintiff's complaint shall be deemed amended to reflect the full names of the defendants, summonses shall be issued, and the Court shall direct service on the defendants.

### III. Conclusion

Plaintiff's claims regarding his 2006 and 2007 arrests are dismissed. His claims regarding the March 4, 2010, October 10, 2010, January 3, 2012, and February 20, 2012 arrests may proceed against the arresting officers. Corporation Counsel is hereby directed to produce the information specified above regarding the identities and service address of these defendants within thirty (30) days of this Order. A copy of this Order shall be served on the Special Litigation Division of the Corporation Counsel. The case is referred to Roanne L. Mann, United States Magistrate Judge, for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED**

Dated: Brooklyn, New York
April 11, 2013

/S/ Judge William F. Kuntz, II

HON. WILLIAM F. KUNTZ, II
United States District Judge

3