UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
**YAHER ISRAEL BABAYOF,** *a/k/a*
**YAIR ISRAEL BABAYOFF,**

                    **Plaintiff,**　　　　　　　　MEMORANDUM
　　　　　　　　　　　　　　　　　　　　　　　　　　　　AND ORDER

            -against-　　　　　　　　　　　　　　12-CV-6073 (WFK)

**CITY OF NEW YORK, et al.,**

                    **Defendants.**
-------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      In this civil rights action, *pro se* plaintiff Yaher Babayof ("plaintiff") alleges that defendants violated federal and state law when they arrested him on four different occasions — on March 4, 2010; October 10, 2010; January 6, 2012;[1] and in February 2012. See Amended Complaint (Feb. 15, 2013) ¶¶ 21-25, Electronic Case Filing ("ECF") Docket Entry ("DE") #7. Currently pending before this Court is defendants' motion to stay the entire case until the conclusion of the state criminal proceeding arising out of plaintiff's January 6, 2012 arrest. See Letter Motion to Stay Civil Proceeding (July 15, 2013), DE #20. Plaintiff objects, arguing that any stay should be limited to the January 6, 2012 arrest, which is unrelated to the three other arrests alleged in the complaint. See Letter from Plaintiff (July 23, 2013) at 2, DE #22. In a subsequent letter dated August 14, 2013, plaintiff reiterates his objection to the motion and raises other miscellaneous issues, addressed below. See Letter from Plaintiff (Aug. 14, 2013)

---

[1] Plaintiff alleges that that arrest took place on January 3, 2012, but defendants' records confirm that the arrest actually occurred on January 6, 2012, which plaintiff apparently does not dispute.

("Pl. 8/14/13 Let."), DE #26.[2]

**I.    Defendants' Motion to Stay**

The Court, in its discretion, grants defendants' motion in part only. At the initial conference in this case, defendants conceded that the officers being sued in relation to the January 6, 2012 arrest were not involved with the other arrests at issue, and thus no "Rosario" material will be implicated if discovery as to the other arrests proceeds. See Minute Order (July 23, 2013) ("7/23/13 Minute Order"), DE #23. Moreover, while the prosecutor assigned to the underlying criminal matter submitted a declaration in support of staying the entire case, the only prejudice identified by the prosecutor in his conclusory declaration relates to "witnesses to the criminal prosecution against [plaintiff,]" i.e., witnesses from the January 6, 2012 arrest. See Affidavit of Criminal Law Associate Brian Kennedy (dated July 26, 2013) ¶ 8, DE #24-1. The declaration makes no mention of plaintiff's other arrests. See generally id. While it is true that a partial stay may require defendants to depose plaintiff twice,[3] such a burden must be weighed against the greater prejudice to plaintiff in the event the Court stayed the entire case.

---

[2]  Although plaintiff's August 14th letter was received in the Clerk's Office overnight box on August 14, 2013, the Court was not made aware of it until September 11, 2013, when it was docketed into the ECF system.

[3]  At the July 23rd initial conference, this Court inquired of plaintiff whether, in opposing the motion for a stay, plaintiff had spoken with his criminal defense attorney about the prospect of undergoing a deposition in a civil action, and he had not. Since plaintiff persists in opposing the stay request, the Court presumes that he is prepared to go forward with his deposition. However, because discovery relating to the January 6, 2012 incident is being stayed, counsel for defendants in this civil action will not be permitted, for the duration of the stay, to examine plaintiff about that arrest and prosecution. In the event plaintiff is unwilling to submit to a deposition at all, the Court will stay all civil discovery, to avoid giving plaintiff an unfair advantage in this case.

In light of the partial stay, the Court hereby adjusts certain discovery deadlines established at the initial conference. See 7/23/13 Minute Order at 2. These deadlines pertain to all arrests except for the January 6, 2012 arrest. Automatic disclosures (including authorizations) should be exchanged no later than September 23, 2013. Pleadings may be amended and new parties added by October 21, 2013. The fact discovery deadline of January 23, 2014 remains in place. The parties are further directed to provide a status update, via ECF, as to the outstanding criminal matter, by November 1, 2013.

II.    **Plaintiff's Miscellaneous Requests**

    A.    **Email Service**

In his August 14, 2013 letter, plaintiff requests that counsel for defendants email him any future correspondence filed on ECF, but without any waiver of plaintiff's right to service. See Pl. 8/14/13 Let. at 1. Two days prior to plaintiff's August 14th letter, the Eastern District of New York began allowing *pro se* litigants such as plaintiff to be served with court filings electronically via ECF in lieu of traditional service. Instructions for consenting to electronic service are available on the Eastern District of New York's website and are attached to this Order for plaintiff's convenience. The Court suggests that if plaintiff wishes to receive documents electronically, that he review the attached information and sign up for the program.

    B.    **"Calendar of the Current 1983 Cases"**

Plaintiff also states that the Court advised plaintiff that "there is [a] calendar of the current 1983 cases" in the Eastern District of New York and requests that the Court "provide a list of those cases as it [is in the] public record," in order to enable plaintiff to locate counsel. See Pl. 8/14/13 Let. at 1. At the initial conference, the Court did not specifically reference any "calendar" of current section 1983 cases. Rather, in response to plaintiff's complaint that

his arrest record made it difficult to obtain counsel, the Court remarked generally that, in its experience, plaintiffs in section 1983 actions often have some sort of arrest record.  The Court is not presently aware of any list of current section 1983 cases and declines to create one for plaintiff, although he remains free to research the information using available public records.

      C.      **Presence of Criminal Defense Attorney**

Finally, plaintiff indicates that the attorney defending him in the underlying criminal case arising out of his January 6, 2012 arrest wishes to be present during "[a]ny discovery process that plaintiff commences against the City."  See Pl. 8/14/13 Let. at 2.  It is unclear to what extent plaintiff's criminal defense attorney wishes to participate in discovery — i.e., whether he wants to be present at depositions, whether his request relates solely to discovery arising out of the January 6, 2012 arrest, etc.  Given the lack of clarity in plaintiff's request, the Court directs plaintiff and defense counsel in this civil matter to promptly and jointly confer with plaintiff's criminal defense attorney on (a) the type and scope of discovery access desired by the criminal attorney and (b) the purported need for such access.  Following the meet-and-confer, defense counsel in this civil matter will file, via ECF, by October 9, 2013, a status report, indicating whether the parties have been able to reach agreement on the issue, or, if not, what issues remain in dispute.

      **SO ORDERED.**

**Dated:**    Brooklyn, New York
            September 17, 2013

                                        /s/ *Roanne L. Mann*
                                      **ROANNE L. MANN**
                                      **UNITED STATES MAGISTRATE JUDGE**